**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOE WINSTON, III, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 10-CV-184-GKF-TLW ) |
| ANITA TRAMMELL, Acting Warden, | ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Joe Winston, III, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 5), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 5, 6 and 7). Petitioner filed a reply (Dkt. # 10). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

On December 31, 2005, Linda Hall met Petitioner Joe Winston, III, in the parking lot of Woodland Hills Mall in Tulsa, Oklahoma. Petitioner introduced himself as "Darrell." He was accompanied by his friend, Antonio Brewer. Hall gave Petitioner her telephone number. During the ensuing two weeks, the two exchanged numerous telephone calls. Petitioner and Brewer also visited Hall at the beauty salon where she worked. On January 16, 2006, Hall told Petitioner she was shopping for a TV. Petitioner told her he could help her with that. After numerous phone calls, Petitioner directed Hall, who was accompanied by her cousin, Latoshia Kelley, to an apartment near 91st and Yale in Tulsa where she would be able to see the TV. Petitioner also told Hall that Brewer would be waiting outside the apartment. As Hall and Kelley arrived, they saw Brewer. They

proceeded to walk up the steps to the apartment. Suddenly, Brewer grabbed Hall around the waist and shoved her and Kelley into the apartment. Another man, identified as William Givens, was waiting inside. Givens, armed with a gun, shoved Kelley into a different room. Brewer also had a gun and began pistol whipping Hall in the face while demanding that she give him her money. After about five minutes, Hall saw Petitioner standing in front of her. He pulled her up by her hair, cocked a gun, held it to her head and demanded her money. Petitioner finally got Hall's purse away from her while Brewer continued beating Hall. Petitioner and Brewer took $848 from the purse and Hall's cell phone. Givens had taken Kelley's car keys and cell phone. Petitioner, Brewer, and Givens all ran from the apartment. Hall and Kelley saw the three men get into a car and drive away. Hall was taken to the emergency room at St. Francis Hospital where she was treated for her injuries.

After the police investigated the incident, Petitioner and his co-defendants, Antonio Deion Brewer and William Andrew Givens, were arrested and charged with Robbery With a Dangerous Weapon in Tulsa County District Court, Case No. CF-2006-771.[1] Petitioner's charge included a second page listing three prior felony convictions. At the conclusion of a jury trial, held June 11-13, 2007, Petitioner was found guilty as charged, and the jury recommended a sentence of life imprisonment. On June 25, 2007, the trial judge sentenced Petitioner in accordance with the jury's recommendation. Petitioner was represented during trial proceedings by attorney Marshall Dyer.

---

[1] Brewer was also charged in Count 2 with Sexual Battery. Givens was also charged in Count 3 with Sexual Battery. On September 20, 2006, Givens pled nolo contendere to Count 1 and was sentenced to fifteen (15) years imprisonment. Count 3 was dismissed. On October 19, 2006, Brewer was tried and convicted by a jury on Counts 1 and 2. He was sentenced to thirty (30) years and ten (10) years, respectively, to be served consecutively.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Alecia Felton George, Petitioner raised the following propositions of error:

> Proposition 1: The trial court erred in sustaining the State's motion in limine, prohibiting the defense from admitting the judgments and sentences of co-defendants Brewer and Givens and effectively violating Mr. Winston's due process right to present his defense to the jury.
>
> Proposition 2: Insufficient evidence was presented to support Mr. Winston's conviction.
>
> Proposition 3: This court should modify Mr. Winston's excessive life sentence to the twenty year minimum sentence or, in the alternative, to the same thirty year sentence received by co-defendant Antonio Brewer.

See Dkt. # 5, Ex. 1. In a pro se supplemental brief, Petitioner raised a fourth proposition of error: that he received ineffective assistance of counsel. See Dkt. # 1, Ex. A.3. In an unpublished summary opinion, filed October 30, 2008, in Case No. F-2007-701 (Dkt. # 5, Ex. 3), the OCCA rejected all four claims and affirmed the Judgment and Sentence of the district court. Nothing in the record suggests that Petitioner sought *certiorari* review by the United States Supreme Court.

On September 10, 2009, Petitioner filed an application for post-conviction relief. After the state district court denied post-conviction relief, Petitioner appealed. By order filed February 10, 2010 (Dkt. # 1, Ex. A.2), the OCCA affirmed the denial of post-conviction relief.

On March 29, 2010, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies four (4) grounds for relief, as follows:

> Ground 1: The State findings was [sic] unreasonably determined in light of their evidence, § 2254(d)(2).
> Petitioner was arbitrarily denied a meaningful opportunity to present a complete defense contrary and unreasonable to Crane v. Kentucky, 476 U.S. 683, 690 (1986), by the court's failure to allow admission of the two robbers' Judgments and Sentences. The error resulted in actual prejudice.
>
> Ground 2: The State's findings was [sic] an unreasonable determination in light of their evidence, § 2254(d)(2).

3

>       The factual determination of the State was contrary and unreasonable in light of their evidence to Jackson v. Virginia, 443 U.S. 307, 319-320 (1979). The State's reliance on Bell v. State, 172 P.3d 622, 627 (Okla. Crim. App. 2007), is contrary to Jackson v. Virginia, supra. See appeal brief filed in Case No. F-2007-701, at pp. 12-14.

> Ground 3:   The State findings was [sic] an unreasonable determination in light of the evidence, § 2254(d)(2).
> The State findings are arbitrary, contrary, and unreasonable for not modifying Petitioner's sentence due to the gross disproportionality of this sentence, as compared to the real robbers Brewer and Givens. Petitioner's life sentence is contrary to Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003). See Appeal Brief pp. 14-18.

> Ground 4:   The State findings was [sic] contrary and unreasonable determination in light of evidence, § 2254(d)(2).
> Petitioner's counsel's performance was deficient for all the reasons set out in (Appendix 3, pp. 4-7). Secondly, Petitioner was prejudiced by counsel's five (5) errors shown in (Appendix 3, pp. 4-7). These are the two factors required under Strickland v. Washington, 466 U.S. 668, 687 (1984). The State's determination was unreasonable.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner is not entitled to relief under 28 U.S.C. § 2254(d). See Dkt. # 5.

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Upon review of the petition and the state court record, the Court finds that Petitioner exhausted his state court remedies by presenting his claims on direct appeal.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.   Claims adjudicated by the OCCA (grounds 1-4)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's grounds 1-4 on direct appeal. Therefore, Petitioner's claims will be reviewed pursuant to § 2254(d).

**1. Trial court's refusal to allow admission of co-defendants' Judgments and Sentences**

As his first proposition of error, Petitioner claims that because the trial court refused to allow admission of the Judgments and Sentences of Petitioner's co-defendants, he was denied his right to present a defense. He cites Crane v. Kentucky, 476 U.S. 683 (1986), in support of his habeas claim. On direct appeal, Petitioner relied on Gore v. State, 119 P.3d 1268 (Okla. Crim. App. 2005), in support of his argument that the trial judge's ruling resulted in the denial of his right to present a

5

defense. See Dkt. # 5, Ex. 1 at 9-11. The OCCA distinguished Gore from Petitioner's case and found that the trial court did not abuse its discretion in prohibiting the introduction of irrelevant evidence and that Petitioner was not denied the opportunity to present his defense. See Dkt. # 5, Ex. 3 at 2 n.1.

"[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68. "In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)); Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (*en banc*)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted).

The OCCA's adjudication was not contrary to, or an unreasonable application of, Crane v. Kentucky, 476 U.S. 683 (1986), as argued by Petitioner. See Dkt. # 1. In that case, the Supreme Court discussed the constitutional guarantee of "a meaningful opportunity to present a complete defense," id. at 690, and found that the petitioner had been denied the opportunity to present his defense by the trial court's foreclosure of relevant evidence regarding the environment in which the

6

police secured the petitioner's confession, id. at 691. In contrast, Petitioner in this case has failed to demonstrate that his trial was rendered fundamentally unfair by the trial court's refusal to admit the Judgments and Sentences of Petitioner's co-defendants. Those Judgments and Sentences were not relevant to the issues to be resolved by Petitioner's jury. They were not exculpatory, nor were they probative of Petitioner's guilt or innocence. Upon review of the trial transcripts, the Court agrees with the OCCA's determination that the challenged ruling by the trial court did not render Petitioner's trial fundamentally unfair. Petitioner is not entitled to habeas corpus relief under § 2254(d) on ground one.

**2. Sufficiency of the evidence at trial (ground 2)**

In his second proposition of error, Petitioner claims that the State presented insufficient evidence at trial to support his conviction for Robbery With a Dangerous Weapon. On direct appeal, Petitioner argued that the State's evidence was insufficient because early interviews with the victims suggested that there were only two robbers and Petitioner testified in his own defense and denied being present at the scene of the robbery. See Dkt. # 5, Ex. 1 at 13-14. However, the OCCA rejected this claim, citing Dodd v. State, 100 P.3d 1017, 1041-42 (Okla. Crim. App. 2004), and Bell v. State, 172 P.3d 622, 627 (Okla. Crim. App. 2007), and finding as follows:

> Hall testified that Winston lured her to the crime scene, cocked a gun and held it to her head, beat her with it, and demanded and took her money and cell phone. Kelley testified that Givens threatened her with a gun and took her keys and cell phone, she heard Brewer and another man threatening Hall, and she saw three men run from the apartment. Winston relies on the suggestion in early interviews that there were only two robbers, plus his testimony that he wasn't there. The jury weighs the evidence and resolves any conflict in the evidence and testimony, and we accept credibility choices and reasonable inferences which support the verdict.

See Dkt. # 5, Ex. 3 at 2 n.2.

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (citation omitted). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to, or an unreasonable application of, Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

The Court finds that OCCA's adjudication of this claim was not contrary to, or an unreasonable application of, Jackson. The evidence presented by the State was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Robbery With a Dangerous Weapon. Under Oklahoma law, "[a]ny person or persons who, with the use of

any firearms or any other dangerous weapons, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of the one threatened with such device a fear that it is a real firearm, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony . . . ." Okla. Stat. tit. 21, § 801. Upon review of the evidence in the light most favorable to the prosecution, the Court finds sufficient evidence supported the elements of Robbery With a Dangerous Weapon. The State presented evidence demonstrating that Petitioner directed Hall and Kelley to an unoccupied apartment where Hall was beaten with a firearm and both women were robbed. See Dkt. # 7, Tr. Trans. at 211-223. Hall testified that Petitioner was present and held a cocked firearm to her head while demanding money. Id. at 220. She testified that Petitioner took $848 out of her purse and also took her cell phone.[2] Id. at 222-23, 227. Although Petitioner testified in his own defense and denied being present at the apartment where the robbery took place, see Dkt. # 7-1, Tr. Trans. at 338, 350, this Court does not assess witness credibility when evaluating the sufficiency of the evidence presented at trial. Wingfield, 122 F.3d at 1332 (10th Cir. 1997). Based on the record from

---

[2]  In his reply, Petitioner asserts that at the trial of co-defendant Brewer, Hall testified that Brewer, not Petitioner, took her money. See Dkt. # 10 at 8-9. He attaches relevant pages from Brewer's trial transcript to support this claim. Id., Ex. A. He argues that, based on Hall's testimony at Brewer's trial, even if he was present at the scene of the robbery, he could only be charged as an accessory. However, Petitioner was charged with "acting in concert with two other men" to rob Hall and Kelley. See Dkt. # 7, Tr. Trans. at 182-83. Therefore, under Oklahoma law, his argument is without merit. See Okla. Stat. tit. 22, § 432 (providing that "all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal").

9

Petitioner's trial, the Court concludes that the evidence was sufficient to support Petitioner's conviction and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on this claim.

### 3. Excessive sentence (ground 3)

As his third ground of error, Petitioner alleges that his sentence of life imprisonment was excessive when compared to the sentence received by his co-defendant, Brewer, described by Petitioner as "the real robber." See Dkt. # 1. As a result, he requests that his sentence be reduced to the minimum sentence of twenty years or to thirty years, the sentence received by Brewer. On direct appeal, the OCCA found that Petitioner's life sentence was not excessive, and provided the following analysis:

> Winston claims that he and Brewer were equally culpable so he should receive no more time than Brewer did. As the trial court noted, the evidence suggested that in fact Winston was more culpable. He met Hall, communicated with her frequently for over two weeks, and lured her to the crime scene. While Brewer began pistol-whipping Hall and demanding her money, Winston did the same thing. He also kicked Hall, held a cocked gun to her head, and threatened to kill her. In addition, while Brewer had only one prior conviction, Winston had three. All were for violent offenses against a person, and one was for hitting a woman in the face with a bottle. Finally, Brewer did not testify. Winston did, denying all connection to the crime.

See Dkt. # 5, Ex. 3 at 2-3 n.3.

A federal habeas court should be reluctant to "interfere with the legislative determination of an appropriate sentence range." Hawkins v. Hargett, 200 F.3d 1279, 1285 (10th Cir. 1999). A habeas

court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." Id.  In this case, Petitioner faced a sentence of up to life in prison for the crime of Robbery With a Dangerous Weapon, After Former Conviction or Two or More Felonies. See Okla. Stat. tit. 21, § 51.1(B). Thus, the sentence imposed, life imprisonment, was not outside the statutory limits nor was it unauthorized by law. There is no basis for habeas relief.

To the extent Petitioner challenges his sentence as cruel and unusual punishment in violation of the Eighth Amendment, his claim is without merit. Petitioner claims that his sentence is disproportionate to the sentences received by his co-defendants. A state sentence raises federal constitutional concerns only when it is grossly disproportionate to the crime committed. Lockyer v. Andrade, 538 U.S. 63, 77 (2003). However, proportionality review under the Eighth Amendment does not apply to require similar sentencing among co-defendants. See Hatch v. State of Oklahoma, 58 F.3d 1447, 1466-67 (10th Cir. 1995), *partially overruled on other grounds by* Daniels v. United States, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001). Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief on this claim.

### 4. Ineffective assistance of trial counsel (ground 4)

In ground 4, Petitioner claims that trial counsel provided ineffective assistance at trial. Petitioner raised this claim on direct appeal in his pro se supplemental brief. See Dkt. # 1, Ex. A.3. He asserted that trial counsel provided ineffective assistance when he failed to: prepare for trial; add co-defendants Givens and Brewer to the defense witness list; call Petitioner's mother, Gloria Bell, as a defense witness; prepare his wife, Nashira Winston, for her testimony at trial; and investigate cell phone tower records to establish that he was in fact at his mother's house in Broken Arrow at the time of the robbery. He also complains that counsel provided ineffective assistance when he put Petitioner on the stand to testify, knowing that he faced a life sentence and that he had prior felony convictions for Robbery, Arson, and Assault With a Deadly Weapon. Id. The OCCA adjudicated this claim and denied relief as follows:

> [Winston] must show that counsel's performance was deficient and this deficient performance created errors so serious he was deprived of a fair trial with reliable results. We will not find counsel ineffective if a defendant shows no prejudice from counsel's acts or omissions. We will not second-guess strategic choices. Winston cannot meet this standard. The record does not support his claim that counsel, who effectively cross-examined witnesses and zealously argued on Winston's behalf, was unprepared for trial. Winston fails to show that any attempt to call either his co-defendants or his mother to corroborate his testimony would have affected the trial's results. The record does not support Winston's claim that his wife was unprepared to testify, and counsel's decision not to ask her about Winston's character as a family man was a reasonable strategic choice. Counsel's decision to cross-examine officers about cell phone tower records, and argue their absence rather than present them, was also a reasonable strategic choice. The decision to testify was Winston's, and counsel could not have prevented his testimony over Winston's opposition. The record shows Winston was thoroughly informed by counsel and the trial court that he did not have to testify and the jury would be aware of his prior convictions, and chose to exercise his right to testify.

(Dkt. # 5, Ex. 3 at 2-3 (footnotes omitted)).

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011).

The Court finds that Petitioner cannot satisfy the Strickland standard. He has failed to demonstrate a reasonable probability that the results of his trial would have been different had trial counsel been better prepared, had trial counsel called his co-defendants or his mother as witnesses, had trial counsel better prepared his wife to testify as a defense witness, or had trial counsel investigated cell phone tower records. Trial counsel presented Petitioner's defense through cross-examination of the State's witnesses and through direct examination of Petitioner and his wife. In light of the evidence against Petitioner, primarily, the clear, positive, and articulate testimony of the complaining witnesses, Linda Hall and Latoshia Kelley, the Court finds that trial counsel's performance was reasonably competent, and that whatever else he might have done, or done differently, does not undermine confidence in the jury's verdict. Counsel's strategy was reasonable. Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy."); Boyd v. Ward, 179 F.3d 904, 915 (10th Cir. 1999) (describing decisions regarding impeaching witnesses and introducing evidence as matters of "trial strategy and tactics"); see also Strickland, 466 U.S. at 699.  In addition, the trial record establishes that Petitioner himself decided to testify after having been advised of his rights by trial counsel, see Dkt. # 7-1, Tr. Trans. at 308; and fully advised by the trial judge that he had the right not to testify; that, if he were found guilty, he faced a sentencing range of twenty years to life imprisonment; and that, if he took the stand, the jury would learn about his prior convictions. See Dkt. # 7-1, Tr. Trans. at 308-11. In light of that record, Petitioner has failed to demonstrate that counsel performed deficiently with regard to Petitioner's decision to testify in his own defense.

In summary, Petitioner has failed to demonstrate that the OCCA's adjudication of his claim of ineffective assistance of trial counsel was contrary to, or an unreasonable application of,

Strickland. Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel. 28 U.S.C. § 2254(d).

**D. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of the AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

DATED THIS 7th day of March, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT